**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BROCHA STROBEL,
individually and on behalf of a class,                        **CASE NO.: 2:13-cv-02467-JS-AKT**

        Plaintiff,

   vs.

RJM ACQUISITIONS, LLC,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

### I. Introduction

   Plaintiff, Brocha Strobel, hereby responds in opposition to Defendant RJM Acquistions, LLC's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. The standard applied to a motion for judgment on the pleadings brought under Fed. R. Civ. P. 12(c) is the same as a motion to dismiss under Rule 12(b)(6). Therefore, in order to defeat Defendant's motion for judgment on the pleadings, the Plaintiff need only allege facts that, based upon the least sophisticated consumer standard, could support a violation of the FDCPA.

   Here, the Defendant has engaged in the Better Business Bureau's "pay for play" scheme whereby, in exchange for a fee, the Defendant is "awarded" an A+ accreditation from the Better Business Bureau. Defendant in turn, places the BBB's A+ logo on its debt collection letters in an attempt to falsely bolster its reputation as a "fair and honest" business, thereby decreasing the likelihood that the least sophisticated consumer would question the

validity of the alleged debt, conversely, increasing the likelihood that the least sophisticated consumer would simply acquiesce and pay a debt she does not owe.

Equally false, deceptive and misleading is Defendant's claim that it is Plaintiff's *creditor*. RJM Acquisitions, LLC is a debt collector, not a creditor. RJM Acquisitions LLC, in its debt collection letter (annexed to the Complaint as Exhibit A), states, "*As you recall, RJM Acquisitions LLC ("RJM") has purchased your account.*" It is Plaintiff's position that Defendant is not a holder in due course of any debt allegedly owed by the Plaintiff, and Defendant's representations otherwise are materially false, deceptive and misleading.

Whether the least sophisticated consumer would construe the Defendant's use of the BBB's A+ logo as misleading and deceptive is a question reserved for the jury. Similarly, whether Defendant's false claim that it is Plaintiff's creditor is a misleading and deceptive representation in violation of the FDCPA is a matter that cannot be determined unless and until Defendant meaningfully participates in discovery. Therefore, because the pleadings in this matter, on their face, present a plausible claim, Defendant's motion for judgment on the pleadings should be denied.

## II. Standard of Review

The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Karedes v. Ackerley Group, Inc.*, 423 F.3d 107, 113 (2d Cir.2005). In each case, the court must accept as true the complaint's factual allegations and draw all inferences in the plaintiff's favor. *Id*. A complaint should not be dismissed on the pleadings unless it "appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief."
*Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). This motion is a Rule 12(c) motion, rather than a Rule 12(b)(6) motion, only because defendant has filed an answer. The same standard is used for deciding a Rule 12(b)(6) and Rule 12(c) motion. *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004).

That said, in reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff need only satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

### III. Matters Outside the Pleadings

Rule 12(d) of the Federal Rules of Civil Procedure provides, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the

- 3 -

motion." Accordingly, a district court acts properly in converting a motion for judgment on the pleadings into a motion for summary judgment when the motion presents matters outside the pleadings, but the rule requires that the court give "sufficient notice to an opposing party and an opportunity for that party to respond." *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995); *Fonte v. Board of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir.1988).

Ordinarily, formal notice is not required where a party "should reasonably have recognized the possibility that the motion might be converted into one for summary judgment [and] was [neither] taken by surprise [nor] deprived of a reasonable opportunity to meet facts outside the pleadings." *Villante v. Dep't of Corrections of City of New York*, 786 F.2d 516, 521 (2d Cir.1986) (internal quotation marks omitted) (quoting In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir.1985))

The Court may only consider a document not appended to the complaint if the document is "incorporated in [the complaint] by reference" or is a document "upon which [the complaint] solely relies and... is integral to the complaint."" *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

A.   ***If the Instant Motion is Converted to a Motion for Summary Judgment, the Court Should Deny Defendant's Motion for Summary Judgment or, Alternatively, Give Notice of the Conversion of the Motion and Permit Plaintiff an Opportunity to Conduct Discovery to Allow Plaintiff to Meet the Facts Outside the Pleadings.***

As noted above, the Second Circuit has consistently held that when a court considers

matters outside the pleadings, other than matters of which the court may take judicial notice, it must treat the motion as one for summary judgment under Rule 56. *Gagliardi v. Pawling*, 18 F.3d at 191; *Falls Riverway Realty, Inc. v. City of Niagra Falls*, 754 F.2d at 53-54. In such circumstances, all parties must receive notice of the conversion and a reasonable opportunity to present all material made pertinent to the motion by Rule 56. Fed. R. Civ. 12(d); *Krijn v. Pogue Simone Real Estate Co.*, 896 F.2d at 689; *National Ass'n of Pharm. Mfrs. v. Ayerst Labs*, 850 F.2d at 909-910. "The essential inquiry, when determining if the district court correctly converted a motion to dismiss into a motion for summary judgment, is whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings.'" *Id.*; see also, *In re G. & A. Books, Inc.*, 770 F.2d at 295. Plaintiff has not received notice of the conversion of Defendant's motion; nor has she had a reasonable opportunity to present all material made pertinent to a motion by Rule 56. Here, Defendant only evidenced an intent to file a Rule 12(c) Motion for Judgment on the Pleadings and has never requested permission from the Court to submit facts that were outside the pleadings. [Doc. 10, ¶ 2]. The Court did not grant Defendant leave to file a Rule 56 Motion for Summary Judgment. Id.

Moreover, as evidenced by its recent responses to Plaintiff's written discovery requests, Defendant's strategy is to vigorously oppose Plaintiff's ability to conduct any discovery in this case concerning her claims regarding RJM's ownership of the alleged debt and its participation in the BBB's *pay for play* scheme; yet, Defendant recognizes the need for ***extrinsic evidence*** to obtain the dispositive relief it seeks as Defendant relies exclusively

on such evidence in support of its motion (i.e. Exhibit A, attached to the instant motion). Such tactics are fundamentally unfair and deprive Plaintiff of her due process right to obtain the evidence she needs to support her claims, which evidence, coincidentally is primarily within Defendant's exclusive dominion and control. Regarding such evidence, it warrants noting that while Defendant has not hesitated to produce and rely upon extrinsic self-serving documents on its own behalf, it has refused to produce in discovery any business records, notices of assignment, or other documents relating to its affiliation with the Better Business Bureau; documents which Defendant is well aware Plaintiff needs to order to oppose the instant motion (if converted to one for summary judgment).

In sum, Plaintiff has not been afforded a reasonable opportunity to obtain through discovery, and present, all material in opposition to a Rule 56 Motion for Summary Judgment (if the instant motion is so converted). Accordingly, Plaintiff respectfully requests that the Court deny any converted summary judgment outright or, alternatively, stay the Defendant's motion and allow Plaintiff a reasonable opportunity to conduct discovery and present that information to the Court in opposition to the motion.

## IV. Elements of an FDCPA Claim

Section § 1692e proscribes debt collectors from the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The gist of § 1692e is that "where some aspect of a debt collector's communication-whether explicit or implied-has the purpose or effect of making a debtor more likely to respond, the FDCPA requires that it be true." *Campuzano-Burgos v. Midland Credit*

*Management*, 497 F.Supp.2d 660, 665 (E.D.Pa. 2007). For purposes of a § 1692e claim, "[t]he question is not whether [plaintiff] was deceived, but whether the `least sophisticated consumer' would have been deceived." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 n. 11 (11th Cir. 1985) "A debt collection practice may violate the FDCPA even if it does not fall within any of the enumerated circumstances set forth in Section 1692e." *Larsen v. JBC Legal Group, P.C.*, 533 F.Supp.2d 290, 299 (E.D.N.Y.2008).

A violation occurs under § 1692e(10) when there is "use of any false representation or deceptive means to collect or attempt to collect any debt ..." from the consumer. *Skelley v. Ray Klein, Inc.*, No. 09-6242-AA (D. Ore., Feb. 3, 2010).

### V. The Least Sophisticated Consumer Standard

In order to determine whether a communication from a debt collector violates any of the FDCPA's proscriptions, courts in the Second Circuit apply a standard reflecting the perspective of the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). The purpose of the least sophisticated consumer standard is two-fold: "it (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993); *see also Bank v. Pentagroup Financial, LLC*, 2009 WL 1606420, at *3 (E.D.N.Y. June 9, 2009) (courts must balance need to protect consumers against need to ensure debt collectors are not held liable for unreasonable misinterpretations of collection notices). The Second Circuit applies the "least sophisticated consumer" standard

- 7 -

in determining whether a collection letter violates section 1692e. *Bentley v. Great Lakes Collection Bureau*, 6 F. 3d 60, 62 (2d Cir. 1993). In general, courts analyze whether a statement is false or misleading under the terms of Section 1692e by asking whether the statement would be misleading to the "least sophisticated consumer." *Lane v. Fein, Such and Crane, LLP*, 767 F. Supp. 2d 382 (E.D.N.Y. 2011). Whether the "least sophisticated consumer" would construe the Defendant's collection letter as deceptive is a question for the jury. *Jeter*, 760 F.2d at 1177-78.

### VI. Defendant's Participation in the BBB's *Pay for Play* Scheme

The Council of Better Business Bureaus, Inc. is the governing body of a national association of licensed member Bureaus organized to further business honesty, to foster truth in advertising, and to protect the public and the business community from unfair, fraudulent, and unethical business practices. *Better Business Bureau, Etc. v. Medical Directors*, 681 F. 2d 397 (5th Cir. 1982). Courts in other Districts have characterized the Better Business Bureau as a responsible prominent organization with a respective independent voice within the community and a reputation for impartiality. *See Sunshine Sportswear & Electronics v. WSOC Television, Inc.*, 738 F. Supp. 1499 (D. So. Car. 1989). Plaintiff submits that this is the least sophisticated consumer's impression of the Better Business Bureau.

Lately, however, the Better Business Bureau has been engulfed in a "pay for play" scandal, a scheme in which A+ ratings are awarded to those who pay membership fees, and F ratings used to punish those who don't. http://abcnews.go.com/Blotter/business-bureau-best-ratings-money-buy/story?id=1212384 (Last accessed Aug. 10, 2013). In March, 2013, Fox

News reported that the Better Business Bureau expelled a Southern California chapter after an investigation into an apparent pay-to-play scandal. http://www.foxnews.com/us/2013/03/12/bbb-expels-largest-bureau-over-pay-to-play-charges/ (Last accessed Aug. 10, 2013). In response to the expulsion, Kiry Peng, chief executive officer of the Business Consumer Alliance, Inc., formerly the BBB of the Southland, issued this response:

> *"Like all Bureaus, the BBB of the Southland followed all of the BBB's policies -- including its policy of only awarding A+ grades to accredited businesses. Unlike other Bureaus, we objected to this policy in writing well before ABC's 20/20 piece aired, but our complaints were ignored and we ultimately adhered to the policy. It is ironic that the BBB accuses us of failing to follow organizational policy on the one hand, and then labels us a 'bad apple' when we do. **The reality is very simple: the pay-for-play policy was the BBB's, not ours.**"*

(emphasis added).

As of the date of this writing, the Better Business Bureau has logged 518 complaints against the Defendant in the last three years. Nonetheless, because of its participation in the BBB's *pay for play* scheme, Defendant continues to maintain it's A+ accredited business rating. The Defendant uses its participation in the *pay for play* scheme to mislead consumers and conceal its reputation as one of the most egregious violators of the FDCPA in the collection industry.  Recently, the Defendant was under investigation by the Federal Trade Commission due to its policy of attempting to collect on debt that was too old to be legally enforceable.  The agency closed the investigation after the company began providing a disclosure to its collection letters so consumers would not take away the impression that they

could be sued on the debt. http://www.ftc.gov/opa/2013/02/cfpb.shtm (Last accessed Aug. 10, 2013). Additionally, the Defendant has been sued in Federal Court not less than 150 times for various debt collection violations.

By purchasing the BBB's A+ rating and subsequently displaying the A+ accredited business logo on its debt collection letters, a question of fact arises as to whether the Defendant's actions are intended to mislead or deceive the least sophisticated consumer; in other words, is Defendant attempting to draw attention away from its reputation for engaging in abusive collection practices and instead, attempting to convey the false impression that Defendant has a reputation for honesty and fair dealing.

Notably, in what can only be construed as a *Freudian slip,* Defendant reveals the true intentions behind the inclusion of the BBB A+ accreditation on its collection letters. In its brief at page 15, Defendant states:

> *Here, plaintiff asserts that the BBB accreditation and A+ rating are deceptive in that they are allegedly paid for making RJM an improperly accredited entity and arguably **that the A+ rating implied the debtor must pay the debt** (complaint ¶ 13).*

(emphasis added) However, Plaintiff's complaint at ¶ 13 makes no argument that the A+ rating implies the debtor must pay the debt. **These are the Defendant's own words**; they clearly and unquestionably reveal the Defendant's motive in participating in the BBB's *pay for play* scheme. *The A+ rating is intended to falsely convey to the consumer that she has **no alternative** but to pay the alleged debt.*

Defendant's underlying intentions her are clear. However, whether these false and misleading representations would tend to make a consumer less likely to question the validity of the alleged debt, increasing the likelihood that the consumer would simply acquiesce and pay a debt she does not owe, is a question for the jury and is not properly before the court on a motion for judgment on the pleadings.

### VII. Notice of Assignment

Notice of assignment must be provided to the consumer *from the assignor*. In *Chase Bank USA v. Cardello*, 27 Misc. 3d 791 (N.Y. Civ. Ct. 2010) the Honorable J. Philip S. Straniere observed:

> *[O]n a regular basis this court encounters defendants being sued on the same debt by more than one creditor alleging it is the assignee of the original credit card obligation. Often these consumers have already entered into stipulations to pay off the outstanding balance due the credit card issuer and find themselves filing an order to show cause to vacate a default judgment from an unknown debt purchaser for the same obligation. Without receiving such notice of the assignment, a debtor seeking to make any application to the court would not have any idea as to which alleged creditor is to be served.*
>
> **The credit card holder had his or her agreement with the credit card issuer and not with the unknown third-party debt purchaser so that receipt of notice from the third party debt purchaser does not satisfy due process standards.**
>
> *Allowing the assignee to give notice would enable dishonest debt collectors to search the court records, obtain the names of judgment debtors and send the debtor a letter stating they have purchased the debt from credit card issuers such as Chase and the debtor should make all payments to the third party.* **Requiring the assignor-credit card issuer to serve the notice would reduce the incidents of fraud in this regard.**

(emphasis added). This case happened to involve a debt collector attempting to collect on a

debt which had already been reduced to judgment. In a more recent case, South Shorh Adj. Co. v. Pierre, 2011 NY Slip Op 51436 (N.Y. Civ. Ct. 2011) the Honorable J. Katherine A. Levine proactively extended the reasoning in *Cardello* to include debts which have not yet been reduced to judgment, stating:

> [T]he court is compelled to dismiss the complaint because plaintiff failed to submit any evidence that either Chase or Turtle Creek notified defendant of the assignment.
>
> Judge Straniere elaborated that to allow an assignee third party debt purchaser to give notice "would enable dishonest debt collectors to search the court records, obtain the names of judgment debtors and send the debtor a letter stating that they had purchased the debt "from a credit card issuer and that the debtor had to pay up or face court action. This practice would merely increase fraud and deceptive and misleading practices which were precisely why the federal Fair Debt Collections Practices Act ("FDCPA") was enacted. This court adopts Judge Straniere's ruling.

J. Levine's forward thinking approach to the holding in *Cardello* ensures that consumers are protected from having to fight the uphill battle of having to vacate a judgment that never should have been entered in the first place. By requiring assignors to provide notice of assignment to the consumer before as a condition precedent to the debt buyers' right to attempt collection, J. Levine helps to ensure that the fraud and deceptive and misleading practices which permeate the debt collection industry are limited to the greatest extent possible.

Here, even in the midst of litigation, and having exhibited no compunction against submitting matters outside the pleadings, the Defendant has offered no indicia of ownership whatsoever of the alleged debt it seeks to collect. By making statements like, "As you recall, RJM Acquisitions, LLC (RJM) has purchased your account," the Defendant makes a clear

- 12 -

and conspicuous attempt to "cover its tracks" and to confuse and mislead the Plaintiff into *assuming* that Defendant has in fact purchased Plaintiff' alleged debt and that Plaintiff was in fact previously and properly notified of the assignment when no such notice had ever been given. This practice is false, deceptive and misleading, and is a violation of the FDCPA.

### VIII. Defendant's Arguments Regarding Doubleday are Irrelevant

Approximately half of Defendant's motion for judgment on the pleadings is devoted to an argument entitled:

> *PLAINTIFF FAILED TO ADEQUATELY PLEAD ANY FDCPA VIOLATION AS DOUBLEDAY IS NOT A DEBT COLLECTOR, THERE IS NO STATE REQUIREMENT GOVERNING DOUBLEDAY'S ACTIONS AND EVEN IF THERE WERE DOUBLEDAY'S ACTIONS ARE NOT MATERIAL UNDER THE FDCPA.*

Defendant's argument here is nonsensical. Doubleday is not a party to this action and none of Plaintiff's claims are based upon Doubleday's violations of any state requirement. Here, Defendant's entire argument is predicated upon the misguided impression that it is somehow Doubleday Book Club's responsibility to ensure that Defendant does not violate the FDCPA.

It is irrelevant that Doubleday Book Club is not a debt collector. Nothing in Plaintiff's claim suggests anything of the sort, nor are any of Plaintiff's claims contingent upon a finding that Doubleday Book Club is a debt collector. Moreover, the Defendant's argument is dependent upon the hypothetical that Doubleday did in fact assign Plaintiff's alleged debt to the Defendant. Clearly, if there has been no assignment, then there would be no notice of assignment. Defendant's argument, on the other hand, requires acceptance of the proposition that everyone *except* the Defendant has done something wrong here.  If Doubleday Book

- 13 -

Club did in fact assign accounts to the Defendant without notifying the account holders of the assignment, *it is not OK* attempt to collect anyway, then simply blame Doubleday Book Club for not providing notice of assignment.

In any event, New York's Uniform Commercial Code, at § 9.406, provides that effective notice of assignment includes a notification, ***authenticated by the assignor or the assignee,*** that the amount due or to become due has been assigned and that payment is to be made to the assignee. Therefore, even if Doubleday Book Club (perhaps through an agreement with the Defendant) did not provide notice of assignment, the requirement to do so could also have been fulfilled by the Defendant, by providing an ***authenticated*** notice to the Plaintiff. No such notice was ever provided. Because no such notice was ever provided, the only reasonable conclusion is that no such assignment ever took place.

### IX. Defendant is Not Plaintiff's *Creditor*

RJM Acquisitions, LLC is a debt collector. *Grismore v. RJM Acquisitions, LLC*, No. CIV 08-0529-PHX-DKD (D. Ariz. Mar. 25, 2009). A debt collector is not a creditor. *White v. Goodman*, 200 F. 3d 1016, 1018 (7th Cir. 2000). Exhibit A falsely implies that RJM is Plaintiff's *creditor,* a claim which is reinforced by the Defendant in the text of the instant motion, "*Further, plaintiff received notice of assignment of the debt as the original creditor and **current creditor** are accurately reflected in the collection letter at issue.* (D.E. 12-1, p.8) (emphasis added). Clearly, it is Defendant's intent to convey the false and misleading impression that it Plaintiff's *creditor*

Accordingly, Plaintiff's complaint at ¶ 14 alleges, "Upon information and belief, the collection letter is deceptive in that ***RJM Acquisitions, LLC cannot be the creditor of Ms. Strobel***, as the Doubleday Book Club has not provided Strobel with a Notice of Assignment. (emphasis added). Even if the Plaintiff were not required to be provided with a notice of assignment, the fact remains that Defendant's letter is misleading and deceptive because RJM Acquisitions, LLC is not, and never has been Plaintiff's creditor. There is no evidence in the record to the contrary, other that Defendant's unsupported contentions to the contrary. Because, at this stage of the proceedings, the court must accept as true the complaint's factual allegations and draw all inferences in the plaintiff's favor (423 F.3d at 113), judgment on the pleadings is not appropriate on this ground alone.

## X. Conclusion

Based upon the foregoing, along with the other pleadings and papers on file in this matter, there is no question that plaintiff has raised questions of fact which, once proven true, entitle her and the class members to the relief sought. The Defendant's motion for judgment on the pleadings should be denied in its entirety.

Dated:   Uniondale, New York
         August 12, 2013


KLEINMAN LLC

Abraham Kleinman (AK-6300)
626 RXR Plaza
Uniondale, New York 11556-0626
Telephone        (516) 522-2621

- 15 -

Facsimile      (888) 522-1692
E-mail: akleinman@kleinmanllc.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

KLEINMAN LLC

Abraham Kleinman (AK-6300)
626 RXR Plaza
Uniondale, New York 11556-0626
Telephone      (516) 522-2621
Facsimile      (888) 522-1692
E-mail: akleinman@kleinmanllc.com

- 16 -