```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BROCHA STROBEL, individually and on
behalf of a class,

                    Plaintiff,              MEMORANDUM & ORDER
                                            13-CV-2467(JS)(AKT)
         -against-

RJM ACQUISITIONS LLC,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Abraham Kleinman, Esq.
                    Kleinman, LLC
                    626 RXR Plaza
                    Uniondale, NY 11556

For Defendant:      Shelby K. Benjamin, Esq.
                    Mel S. Harris & Associates, LLC
                    5 Hanover Square, 8th Floor
                    New York, NY 10004
```

SEYBERT, District Judge:

Currently pending before the Court is defendant RJM Acquisitions, LLC's ("Defendant") motion for judgment on the pleadings.[1] For the following reasons, Defendant's motion is GRANTED.

---

[1] There are also several discovery-related motions pending in this action, including a motion for sanctions, which have been addressed to Magistrate Judge A. Kathleen Tomlinson. The instant Memorandum and Order will address only Defendant's motion for judgment on the pleadings.

BACKGROUND[2]

Plaintiff Brocha Strobel, individually and on behalf of a class ("Plaintiff") commenced this action on April 23, 2013 for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

Plaintiff alleges that Defendant "broadcasts" that it is a Better Business Bureau ("BBB") accredited business with an A+ rating. (Compl. ¶¶ 6, 10.) On April 27, 2012, Plaintiff--an individual consumer--received a collection letter (the "Letter") from Defendant containing the BBB rating.[3] (Compl. ¶¶ 4, 8, 10.) The Letter stated, in relevant part: "As you recall, [Defendant] has purchased your account." (Compl. Ex. A.) Defendant purchased this account from Doubleday Book Club ("Doubleday") and sought to collect debt incurred for a personal, family, or household use. (Compl. ¶¶ 9, 11.) Plaintiff maintains that the letter violates the FDCPA "by misrepresenting that it is a communication from a properly accredited entity, when in fact the A+ accreditation is paid for and deceptive in light of the

---

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[3] Plaintiff has attached the Letter as Exhibit A to her Complaint.

529 complaints against the debt collector."[4]  (Compl. ¶ 13.)  She also asserts that the Letter "is deceptive in that [Defendant] cannot be the creditor of [Plaintiff], as the Doubleday Book Club has not provided [Plaintiff] with a Notice of Assignment." (Compl. ¶ 14.)

Plaintiff further alleges that the Letter is a form letter and she brings this action as a purported class action because "there are more than 50 natural persons with addresses in New York who were sent a letter on the same letterhead as Exhibit A . . . ."  (Compl. ¶¶ 12, 18.)

Defendant now moves for judgment on the pleadings.

## DISCUSSION

The Court will first address the applicable legal standard before turning to Defendant's motion more specifically.

## I. Legal Standard

The standard for evaluating a motion for judgment on the pleadings, pursuant to Rule 12(c), is the same as the standard for a motion to dismiss under Rule 12(b).  See Karedes v. Ackerley Grp., Inc., 423 F.3d 107, 113 (2d Cir. 2005).  In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct.

---

[4] In support, Plaintiff attaches as Exhibit B a printout from the BBB website entitled "BBB Business Review," showing a review of Defendant.

3

1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

Furthermore, in deciding the current motion, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

4

II. Defendant's Motion

Plaintiff brings her claim pursuant to the FDCPA, which Congress enacted in 1977 "'to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors.'" Arroyo v. Solomon & Solomon, P.C., No. 99-CV-8302, 2001 WL 1590520, at *4 (E.D.N.Y. Nov. 16, 2001) (quoting S. Rep., No. 95-382, at 12 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696). To that end, the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; see also id. § 1692e(10).

To determine whether a debt collector has violated Section 1692e, courts use "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice [received from the debt collector]." Soffer v. Nationwide Recovery Sys., Inc., No. 06-CV-435, 2007 WL 1175073, at *3 (E.D.N.Y. Apr. 19, 2007) (citing Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996); Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993)). The Second Circuit has described the "least sophisticated consumer" standard as "an objective analysis that seeks to protect the

5

naive from abusive practices while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." Greco, 412 F.3d at 363 (2d Cir. 2005) (internal quotation marks and citations omitted).

Plaintiff's claims--and thus those of the purported class--center around two issues: (1) BBB accreditation and rating, and (2) a notice of assignment. The Court will address each in turn.

A. Plaintiff's Allegations Regarding BBB Accreditation and Rating

Plaintiff alleges that the Letter violates Sections 1692e and 1692e(10) "by misrepresenting that it is a communication from a properly accredited entity, when in fact the A+ accreditation is paid for and deceptive in light of the 529 complaints against the debt collector." (Compl. ¶ 13.) Defendant moves for dismissal of this claim primarily because Plaintiff has not pled a materially false or misleading statement. The Court agrees.

Although the Second Circuit has yet to definitively rule on the issue, other circuits and district courts within this Circuit have "held that the least-sophisticated-consumer standard also encompasses a materiality requirement; that is, statements must be materially false or misleading to be

6

actionable under the FDCPA." Walsh v. Law Offices of Howard Lee Schiff, P.C., No. 11-CV-1111, 2012 WL 4372251, at *3 (D. Conn. Sept. 24, 2012) (emphasis in original) (collecting cases); accord Sussman v. I.C. Sys., Inc., 928 F. Supp. 2d 784, 795 (S.D.N.Y. 2013) (collecting cases); see Lane v. Fein, Such & Crane, LLP, 767 F. Supp. 2d 382, 389 (E.D.N.Y. 2011) (collecting cases); see also Gabriele v. Am. Home Mortg. Servicing, Inc., 503 F. App'x 89, 94 (2d Cir. 2012) ("Although '[i]t is clear that Congress painted with a broad brush in the FDCPA [,]' not every technically false representation by a debt collector amounts to a violation of the FDCPA." (quoting Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989) (alterations in original)).

Here, Plaintiff argues that the Letter's inclusion of an A+ rating from the BBB bolsters Defendant's reputation and decreases the likelihood that the least sophisticated consumer would question the validity of the debt. (Pl.'s Opp. Br., Docket Entry 16, at 15.) While Plaintiff has alleged that this statement is misleading, it is not disputed that Defendant indeed has an A+ rating from the BBB. Plaintiff's opposition, however, makes a number of statements regarding a "pay for play" scheme--in which some businesses have purportedly obtained a higher rating through payments to the BBB--as well as a reference to a Federal Trade Commission investigation of

7

Defendant. (Pl.'s Opp. Br. 13-15.) Other than stating that Defendant paid for the BBB rating, none of these allegations are contained in the Complaint. In any event, they are not directly relevant to how, if at all, a BBB accreditation and rating would impact the least sophisticated consumer.

The Court agrees with Defendant that there is only one way to read the representations at issue--that Defendant has an A+ rating from the BBB. This statement carries no connotation regarding the character, amount, or legal status of any debt or Plaintiff's rights regarding any such debt. Nor does a statement regarding the BBB indicate that Defendant is in any way affiliated with any governmental entity. The Court fails to see how a BBB accreditation and rating suggests any relevant meaning whatsoever. To the extent that it does, however, it is not material. See Walsh, 2012 WL 4372251, at *4 ("[I]mmaterial statements, by definition, do not affect a consumer's ability to make intelligent decisions concerning an alleged debt." (internal quotation marks and citation omitted)); see also Lane, 767 F. Supp. 2d at 389 ("[R]eferences to the laws of the United States . . . . merely explain BMC's place of incorporation and licensing . . . [they do] not suggest, even to an unsophisticated consumer, that BMC is acting on behalf of the United States.") (emphasis omitted)).

8

Moreover, and as the least sophisticated consumer standard itself connotes, the FDCPA does not protect idiosyncratic interpretations. See supra pp. 5-6. Accordingly, Defendant's motion for judgment on the pleadings in this regard is GRANTED.[5]

B. <u>Plaintiff's Allegations Regarding a Notice of Assignment</u>

Plaintiff further alleges that "the collection letter is deceptive in that [Defendant] cannot be the creditor of [Plaintiff], as the Doubleday Book Club has not provided [Plaintiff] with a Notice of Assignment." (Compl. ¶ 14.) Defendant maintains that dismissal of this claim is appropriate, and the Court agrees.

Before the Court addresses the heart of Plaintiff's claim, there are several points worth noting. <u>First</u>, Defendant asserts--and Plaintiff apparently concedes--that the "notice of assignment" to which Plaintiff refers is a requirement under New York law, not the FDCPA. (<u>See</u> Def.'s Br., Docket Entry 12-1, at 7-11.) Specifically, Section 5019(c) of New York's Civil Practice Law and Rules provides:

> **Change in judgment creditor.** A person other than the party recovering a judgment who becomes entitled to enforce it, shall file in the office of the clerk of the court in

---

[5] In making this determination, the Court concludes that it was not necessary to consider any documents outside of the pleadings, and thus both parties' arguments regarding potential conversion to a motion for summary judgment are irrelevant.

9

> which the judgment was entered . . . a copy of the instrument on which his authority is based, acknowledged in the form required to entitle a deed to be recorded, or, if his authority is based on a court order, a certified copy of the order.

N.Y. C.P.L.R. § 5019(c). As the statute, and precedent, make clear, a notice of assignment becomes relevant in the context of either a debt that has been reduced to judgment or--at the very least--a creditor's attempt to reduce the debt to judgment. Musah v. Houslanger & Assocs., PLLC ("Musah II"), --- F. Supp. 2d ----, 2013 WL 4516786, at *3 (S.D.N.Y. Aug. 26, 2013) (finding that there was a potential FDCPA violation where the defendant's client attempted to collect on a judgment where the plaintiff was not notified of the assignment); South Shore Adjustment Co. v. Pierre, 32 Misc.3d 1227(A), *2, 936 N.Y.S.2d 61 (N.Y. Civ. Ct. 2011) (addressing notice of assignment where creditor attempted to reduce debt to judgment). Neither of those situations is directly on point here, where there have been no allegations that Defendant has received a judgment or even attempted to bring suit.

Second, New York law requires that the assignor (i.e., Doubleday) provide the debtor with a notice of assignment, not the assignee (i.e., Defendant). (See Pl.'s Opp. Br. at 15-16 (citing Chase Bank USA v. Cardello, 27 Misc.3d 791, 896 N.Y.S.2d 856 (N.Y. Civ. Ct. 2010) for the proposition that "[n]otice of

assignment must be provided to the consumer from the assignor." (emphasis in original)).) Thus, case law supports Defendant's argument that there is no valid cause of action under the FDCPA for any purported failure by Defendant to provide the notice of assignment to Plaintiff, at least in this context. See Shetiwy v. Midland Credit Mgmt., --- F. Supp. 2d ----, 2013 WL 5328075, at *5 (S.D.N.Y. Sept. 20, 2013) (finding that the plaintiff had not provided any legal support for the notion that "collection actions are invalid unless the original creditor for a debt provides prior notice to the debtor of the assignment of the debt, with a variety of documentation . . . ." (emphasis in original)). However, as Plaintiff asserts, her claim is somewhat more nuanced than Defendant's argument suggests. (See Pl.'s Opp. Br. at 17-19 (arguing that Defendant's arguments regarding Doubleday are irrelevant).)

To reiterate, the Complaint alleges that "the collection letter is deceptive in that [Defendant] cannot be the creditor of [Plaintiff], as the Doubleday Book Club has not provided [Plaintiff] with a Notice of Assignment." (Compl. ¶ 14 (emphasis added).) In opposing Defendant's motion, however, Plaintiff subtly attempts to amend her allegation, essentially breaking it down into two components: (1) that Defendant attempted to "confuse and mislead the Plaintiff into assuming that Defendant has in fact purchased Plaintiff'[s] alleged debt"

11

and (2) "that Plaintiff was in fact previously and properly notified of the assignment when no such notice had ever been given." (Pl.'s Opp. Br. at 17 (emphasis in original).) Plaintiff, though, may not amend the pleadings through an opposition brief. See Fadem v. Ford Motor Co., 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005) ("It is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs); O'Brien v. Nat'l Prop. Analysis Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."). The allegation that the Letter is deceptive in that Defendant cannot be the creditor of Plaintiff because Doubleday did not provide the notice of assignment is different from the allegation that Defendant misled Plaintiff into assuming that it had in fact purchased Plaintiff's debt. The former relates to whether the least sophisticated consumer would be deceived into thinking that Defendant is the creditor, when this "cannot" be the case due to a lack of notice of assignment; the latter relates to whether the least sophisticated consumer would be misled as to whether Defendant "purchased" the debt, and Plaintiff has not clarified whether any such allegation would be contingent upon a proper notice of assignment.

12

Moreover, relevant case law suggests that a technical failure to comply with the requirements of Section 5019(c) does not invalidate the assignment. See Musah v. Houslanger & Assocs., PLLC ("Musah I"), No. 12-CV-3207, 2012 WL 5835293, at *3 (S.D.N.Y. Nov. 16, 2012) ("[S]ection 5019(c) does not require assignments to be recorded in order for those assignments to be deemed valid, and the assignee of a judgment may attempt to enforce that judgment and collect from the debtor even if the filing requirement of 5019(c) has not been satisfied." (internal quotation marks and citation omitted)). Thus, there was nothing deceptive about any apparent statement that Defendant is the creditor flowing from Doubleday's alleged failure to provide a Notice of Assignment.

As to Plaintiff's allegation that the Letter is deceptive insofar as it suggests that Plaintiff was previously and properly notified of the assignment when no such assignment took place, again such claim fails. The least sophisticated consumer standard serves dual purposes--"the need to protect unsuspecting consumers from unscrupulous debt collectors and the need to ensure that debt collectors are held liable 'for unreasonable misinterpretations.'" Walsh, 2012 WL 4372251, at *3 (quoting Clomon, 988 F.2d at 1319). It does not protect the consumer who would have to reject common sense and personal experience in order to be potentially deceived. See Clomon, 988

13

F.2d at 1319 (the least sophisticated consumer "can be presumed to possess a rudimentary amount of information about the world"). Additionally, the notice of assignment requirement under New York law was designed to protect the assignee, not the debtor. Musah I, 2012 WL 5835293, at *3 (Section "5019(c) is not meant to benefit the debtor, should the assignment not be recorded, but rather is clearly intended for the benefit of the assignee, being designed to protect him against payment of the judgment to the wrong party." (internal quotation marks and citation omitted)).

Finally, any perceived deception regarding receipt, or lack thereof, of the notice of assignment would not be material. See Corazzini v. Litton Loan Servicing LLP, No. 09-CV-0199, 2010 WL 6787231, at *7 (N.D.N.Y. June 15, 2010) ("[E]ven if defendant did provide a false statement in one or more of its communications with plaintiff, plaintiff has failed to establish that the alleged false statement was material to her decision to pay her debt or that it impaired her ability to challenge the debt."). Accordingly, Defendant's motion for judgment on the pleadings on this claim is GRANTED.

III. Amendment

Although Plaintiff has not specifically sought to amend her Complaint, the Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant

14

leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999), overruled on other grounds by Gonzaga v. Doe, 536 U.S. 273, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "However, a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012) (citing Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)).

Here, the Court finds that leave to replead Plaintiff's claim regarding the BBB's accreditation and rating would be futile as Plaintiff's reading proffers an idiosyncratic interpretation of the Letter and any statement in this regard is not materially false or misleading. Accordingly, such claim is DISMISSED WITH PREJUDICE. However, the Court GRANTS Plaintiff leave to replead her claim regarding the notice of assignment. While it is unclear whether Plaintiff can successfully state a claim for an FDCPA violation, the Court cannot say definitively that amendment would be futile.

If Plaintiff intends to file an Amended Complaint, she must do so within thirty (30) days of the date of this

15

Memorandum and Order. If she does not do so, her Complaint will be dismissed with prejudice in its entirety.

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED. The claim regarding BBB accreditation and rating is DISMISSED WITH PREJUDICE. The claim regarding a notice of assignment is DISMISSED WITHOUT PREJUDICE and with LEAVE TO REPLEAD. If Plaintiff intends to file an Amended Complaint, she must do so within thirty (30) days of the date of this Memorandum and Order. If she does not do so, the Complaint will be dismissed with prejudice in its entirety.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February __6__, 2014
       Central Islip, NY

16